WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Legaspi, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Walmart, Inc., a foreign corporation,<br><br>Defendant. | No.  CV-25-00708-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to remand.  Doc. 9.  The motion is fully briefed and the Court discussed the motion with the parties during a status conference on April 29, 2025. *See* Doc. 14.  The Court will remand this action to state court.

**I.     Background.**

In July 2024, Plaintiff filed a state court complaint alleging that she slipped and fell on a puddle of water while walking through the dairy aisle in a Walmart located in Phoenix, Arizona.  Doc. 1-1 ¶ 7.  The complaint asserts a state law negligence claim against Defendant.  *Id.* ¶¶ 6-14.  Plaintiff seeks to recover compensatory and special damages.  *Id.* ¶ 18.  No dollar amount is specified.  *Id.*

Defendant removed the case to this Court on February 28, 2025.  Doc. 1.  Defendant alleges in its notice of removal that the Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.  *Id.* ¶ 1.  Defendant notes that Plaintiff has disclosed $10,582.74 in medical expenses and still

needs to supplement billing from five additional providers, one of which includes a surgery performed on Plaintiff. *Id.* ¶¶ 8-9.

On March 13, 2025, the Court held a telephone conference with the parties to discuss, among other things, the basis for federal jurisdiction. *See* Docs. 6, 7. The Court directed counsel for Plaintiff to confer with defense counsel and file a status report on the damages amount by April 15, 2025. Doc. 7. On March 27, 2025, Plaintiff filed the present motion to remand. Doc. 9. In the midst of briefing the motion, Plaintiff filed a status report stating that all invoices for Plaintiff's medical care bad been received, with the exception of two minor bills not expected to total $1,000, and that Plaintiff's total medical costs, including the surgery, are less than $25,000. Doc. 11. During the status conference on April 29, 2025, Defendant did not disagree.

## II.     Removal and Remand Standards.

Under 28 U.S.C. § 1441(a), any civil action over which the federal district courts have jurisdiction may be removed from state court to the federal court for the district where the action is pending. Courts strictly construe the statute against removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    Motion to Remand.

Defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). To meet this burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy" requirement is satisfied. *Id.*; *see Gaus*, 980 F.2d at 566-67.

In light of Plaintiff's recent status report, Defendant has not shown that Plaintiff's negligence claim likely exceeds $75,000. Because Defendant has not established the requisite amount in controversy, diversity jurisdiction does not exist. The Court

accordingly will remand this case to state court. *See* 28 U.S.C. § 1447(c); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").[1]

Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). Doc. 9 at 5-6. In its discretion, the Court will deny Plaintiff's request. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ("An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court[.]").

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Doc. 9) is **granted**.
2. Plaintiff's request for attorneys' fees is **denied**.
3. The Clerk shall remand this action to state court.

Dated this 29th day of April, 2025.

David G. Campbell
Senior United States District Judge

---

[1] Given this ruling, the Court need not address Plaintiff's alternative argument that removal was untimely. *See* Doc. 9 at 4-5.

3